IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE JAMES HARRIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-41-TMH |
| | ) | [WO] |
| | ) | |
| ELMORE COUNTY D.A. OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Willie James

Harris, Jr. ["Harris"], an indigent inmate, incarcerated at the Elmore County Jail.  In this

complaint, Harris argues that his current incarceration pursuant to sentences imposed upon him

in July of 2003 by the District Court of Elmore County, Alabama for numerous counts of

negotiating worthless instruments is unconstitutional.[1]  Harris names the Elmore County D. A.

Office, the Elmore County District Court, the Elmore County Sheriff Department, Carolyn Frost,

identified by Harris as an employee of the District Attorney's Office for Elmore County, Glenn

Goggland, a judge district court judge, and Billy Frankly, the Sheriff of Elmore County, as

defendants in this cause of action.  Harris requests immediate release from confinement,

declaratory relief and monetary damages for the alleged violations of his constitutional rights.

---

[1] Harris advises that his convictions and sentences relate to cases arising from criminal conduct which occurred from 1995 until 2003.  It likewise appears that the sentences imposed upon the plaintiff included terms of imprisonment and probation.

*Complaint - Doc. No. 1* at 2.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  The Elmore County D. A. Office and the Elmore County Sheriff Department

Neither a district attorney's office nor a sheriff's department is a legal entity subject to suit or liability under section 1983.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that those claims presented against the Elmore County D.A. Office and the Elmore County Sheriff Department are due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  The Elmore County District Court

The plaintiff contends that the Elmore County District Court acted in violation of his constitutional rights by allowing his incarceration on sentences imposed for prior criminal convictions.  The law is well settled that state courts are not persons within the meaning of 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *McFarland v. Folsom*, 854 F.Supp. 862, 874 (M.D. Ala. 1994).  Dismissal of the plaintiff's claims against the Elmore County District Court is therefore

---

[2] The court granted Harris leave to proceed *in forma pauperis* in this case. *Order of January 23, 2013 - Doc. No. 3*.  An indigent prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Claims Against Judge Glenn Goggland

Harris asserts Judge Goggland violated his constitutional rights with respect to sentences imposed upon him for convictions regarding the negotiation of worthless instruments. Harris maintains his current incarceration on the aforementioned sentences is improper. The claims against Judge Goggland entitle Harris to no relief in this cause of action.

1. <u>The Request for Monetary Damages</u>. All of the allegations made by Harris against Judge Goggland emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Glenn Goggland are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

2. <u>Request for Declaratory/Injunctive Relief from State Court Action</u>. To the extent Harris seeks declaratory and/or injunctive relief from sentencing orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Harris from proceeding before this court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any requests seeking relief from the sentencing orders issued by Judge Goggland in Harris' criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*,

915 F.2d 636 (11ᵗʰ Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

**D.  Claims Against Carolyn Frost**

Harris challenges the constitutionality of actions undertaken by Carolyn Frost, an employee of the Elmore County District Attorney's Office, regarding his confinement on sentences imposed by the District Court of Elmore County.  It is clear from the complaint that the claims made against defendant Frost emanate from members of the district attorney's office representing the State during criminal proceedings conducted before the District Court of Elmore County, Alabama.

"A prosecutor [or representative of his office] is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11ᵗʰ Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the

5

> Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11ᵗʰ Cir. 1988).

The actions of defendant Frost about which the plaintiff complains relate to the role a district attorney undertakes "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11ᵗʰ Cir. 1998) (citations omitted).  Defendant Frost is therefore "entitled to absolute immunity for that conduct." *Id.*  Thus, the plaintiff's request for damages against Carolyn Frost lacks an arguable basis and is therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *See Neitzke*, 490 U.S. at 327.  As previously determined, the plaintiff is entitled to no declaratory or injunctive relief in this section 1983 action for any adverse action arising from  state court proceedings related to sentences imposed by the District Court of Elmore County, Alabama.

### E.  The Challenge to Plaintiff's Confinement

Harris attacks the validity of his confinement pursuant to sentences imposed upon him in 2003 by the District Court of Elmore County, Alabama.  Specifically, Harris maintains that Judge Goggland and the district attorney have ordered his current incarceration pursuant to these sentences when, in Harris' opinion, the sentences no longer provide a valid basis for his confinement. *Complaint - Doc. No. 1* at 1 (Incarceration on the prior "cases and charges ... is false imprisonment [because] I have no pend[ing] cases or charges here in Elmore County....").

6

Harris seeks his immediate release from confinement.  The aforementioned claim goes to the fundamental legality of the plaintiff's incarceration.  Consequently, this claim provides no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or resulting incarceration is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or [confinement]." 512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the validity of his incarceration "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court

7

determined that this is true not only when a prisoner challenges the judgment as a substantive

matter but also when "the nature of the challenge to the procedures could be such as necessarily

to imply the invalidity of the judgment." *Id.* at 645.  The Court reiterated the position previously

taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the

constitutionality of his confinement is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at

645.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983

and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

To the extent Harris challenges the constitutionality of his incarceration pursuant to

sentences imposed by the District Court of Elmore County, Alabama and seeks immediate

release from the resulting confinement, a judgment in favor of Harris would necessarily imply

the invalidity of such confinement.  It is clear from the complaint that the sentences about which

Harris complains have not been nullified or deemed invalid in an appropriate proceeding.

Consequently, the instant collateral attack on the plaintiff's current incarceration is prohibited

and subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

*Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490

(1973).[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[4]The plaintiff is advised that prior to seeking federal habeas corpus relief he must first properly exhaust all available state court remedies.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the States[.]").

1.  The plaintiff's claims against the Elmore County D. A. Office, the Elmore County Sheriff Department and the Elmore County District Court be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's claims for declaratory and injunctive relief against Judge Glenn Goggland and Carolyn Frost arising from sentencing orders issued in criminal proceedings before the District Court of Elmore County, Alabama be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3.  The plaintiff's claims for monetary damages lodged against Judge Glenn Goggland and Carolyn Frost be summarily DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

4.  The plaintiff's challenge to the constitutionality of his current incarceration pursuant to sentences imposed upon him by the District Court of Elmore County, Alabama be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this cause of action.

5.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before February 13, 2013 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general

objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of January, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE